**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ROBERT HERNANDEZ,

Plaintiff,

vs. No. CIV 02-0333 JB/RHS

CITY OF ALBUQUERQUE, and
TOM BENARD,

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Allow Leading Questions During Direct Examination of Andres Carreon, filed August 21, 2003 (Doc. No. 170). The primary issue is whether rule 611 provides a basis for allowing Plaintiff to question Andres Carreon through use of leading questions. Because the Court finds that it is necessary to hear Mr. Carreon's testimony before determining the appropriateness of leading questions, it will deny the motion without prejudice.

**BACKGROUND**

Andres Carreon ("Carreon") was a witness to the events giving rise to this lawsuit. Carreon is a young mentally disabled boy. Because of his mental disability, Carreon has severe communication problems. He has extreme difficulty in articulating his thoughts and memories into words. The Defendants do not dispute these facts and concede that leading questions may be appropriate in certain circumstances involving a mentally disabled witness.

**ANALYSIS**

Federal Rule of Evidence 611(c) states the general rule that "[l]eading questions should not

be used on the direct examination of a witness except as may be necessary to develop the witness' testimony." Fed. R. Evid. 611(c). The same rule provides that courts should exercise reasonable control over the questioning of witnesses so as to: "(1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a). The use of leading questions is a matter left to the discretion of the district court. See United States v. Olivo, 69 F.3d 1057, 1065 (10th Cir. 1995)( "Rule 611(c) governs leading questions; it vests broad discretion in the trial judge.").

The Court agrees with the parties this case involves circumstances in which leading questions may be appropriate. The Court declines, however, to grant Plaintiff a sweeping allowance to use leading questions without first assessing the witness' state of mind with respect to individual questions by counsel. Such questions may or may not be necessary. If leading questions become necessary, Plaintiff is free to renew this request at trial.

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion to Allow Leading Questions During Direct Examination of Andres Carreon, filed August 21, 2003 (Doc. No. 170) is denied without prejudice. Counsel for Plaintiff is instructed to attempt to question the witness with non-leading questions. If such questions are ineffective, Plaintiff may renew his motion to allow leading questions.

UNITED STATES DISTRICT JUDGE

Anthony James Ayala
Albuquerque, New Mexico

*Attorney for the Plaintiff*

Norman F. Weiss
Alisa R. Wigley
Simone, Roberts & Weiss, P.A.
Albuquerque, New Mexico

*Attorneys for Defendant Tom Benard*

Stephanie M. Griffin
Assistant City Attorney
Albuquerque, New Mexico

*Attorney for the Defendant City of Albuquerque*