## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ROBERT HERNANDEZ,

          Plaintiff,

vs.                                                                                  No. CIV 02-0333 JB/RHS

CITY OF ALBUQUERQUE, and
TOM BENARD,

          Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion in Limine, to Wit: Vehicle Chase of April 23, 2000, filed August 6, 2002 (Doc. 17).  The issue is whether the Court should exclude any reference at trial to the vehicle chase immediately preceding the events that led to this cause of action.  Because the motor vehicle chase is one of the factual circumstances involved in the alleged constitutional violation, and the jury must determine if the conduct complained of was reasonable under article II, Section 10 of the New Mexico Constitution and under the Fourth Amendment of the United States Constitution, the Court will deny the Plaintiff's motion in limine to exclude the motor vehicle chase.

## BACKGROUND

This case arises out of a motor vehicle stop on April 23, 2000, in which the Defendants allegedly used excessive force in violation of article II, section 10 of the New Mexico Constitution and the Fourth Amendment of the United States Constitution to effectuate Plaintiff Robert Hernandez' arrest.  The Defendants misidentified Hernandez as a wanted murder suspect, which resulted in a  motor vehicle chase.  This chase preceded the Defendants' alleged violations of

Hernandez' constitutional rights.

The police officers who initially observed Hernandez driving his car attempted to pull him over.  Hernandez sped away in an attempt to avoid the officers.  A high speed motor vehicle chase ensued involving several officers, including Defendant Tom Benard, and Hernandez.  Hernandez crashed his vehicle into a police vehicle and into the fence at a private residence, ran over a spike belt, and eventually crashed into a light post.  The chase began at Central and Coors and ended when Hernandez crashed his vehicle at the intersection of Edith and Cesar Chavez after traveling at a high rate of speed through a residential neighborhood.  Thereafter, the alleged conduct which Hernandez asserts violated his constitutional rights occurred.  Hernandez alleges that, after the police stopped him, took him to the ground, and handcuffed him, Benard physically assaulted him.  The Grand Jury indicted Benard on charges of Aggravated Battery with a Deadly Weapon.

Hernandez contends that any reference to the vehicle chase is irrelevant and highly prejudicial to his cause of action.  Hernandez asks that the Court exclude reference to the vehicle chase under rules 402, 403, and 404(b) of the Federal Rules of Evidence.  He asks the Court to enter an order excluding any reference to the vehicle chase immediately preceding the events that led to his cause of action.

## ANALYSIS

The District Court has broad discretion in determining the admissibility of evidence.  See United States v. Talamante, 981 F.2d 1153, 1155 (10th Cir. 1992), cert. denied, 507 U.S. 1041 (1993).  Given the factual and legal issues that remain in the case, the Court cannot say that the car chase is irrelevant.  The Court also does not believe the prejudicial impact of the evidence substantially outweighs its probative value.  Furthermore, the Court does not believe that the vehicle

-2-

chase is being offered as character evidence.

I.      **THE MOTOR VEHICLE CHASE IS RELEVANT.**

Pursuant to rule 401, "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 402 states that evidence which is not relevant is not admissible. See Fed. R. Evid. 402.

Hernandez alleges that Benard used excessive force in violation of article II, section 10 of the New Mexico Constitution and of the Fourth Amendment of the United States Constitution. See Amended Complaint ¶¶ 3.2, 3.4, at 5-6 (Doc. 111). The Court must use the test of "reasonableness" for both constitutions to determine if the defendant used excessive force. See Graham v. Connor, 490 U.S. 386, 395 (1989)(holding that courts must analyze excessive force claims under a "reasonableness" standard); Campos v. State, 117 N.M. 155, 157, 870 P.2d 117, 119 (1994)(noting that, pursuant to art. II, § 10, "'the ultimate question is whether the search and seizure was reasonable.'")(quoting State v. Martinez, 94 N.M. 436, 440, 612 P.2d 228, 232, cert. denied, 449 U.S. 959 (1980)).

In Campos v. State, the Supreme Court of New Mexico rejected a "blanket rule" that the Supreme Court of the United States had adopted which justified any warrantless arrest in a public place so long as probable cause existed because New Mexico courts must place the "constitutional requirement of reasonableness in factual context." Campos v. State, 117 N.M. at 158, 870 P.2d at 120 (distinguishing a 1980 Supreme Court of the United States opinion). Accord Graham v. Connor, 490 U.S. at 396 (stating that the proper application of the Fourth Amendment test of reasonableness "requires careful attention to the facts and circumstances of each particular case"); Tennessee v.

-3-

Garner, 471 U.S.1, 8-9 (1985)(noting that Fourth Amendment test requires a review of the totality of the circumstances); Zuchel v. City & County of Denver, 997 F.2d 730, 735 (10th Cir. 1993)("The question is whether the officer's actions are objectively reasonable, in light of the facts and circumstances confronting him . . . ."). Similarly, the City's potential liability is dependent upon a finding of a constitutional violation by Benard. See Medina v. City and County of Denver, 960 F.2d 1493, 1499 (10th Cir. 1992)(noting that a § 1983 suit cannot proceed against a city when the officers' actions did not amount to a constitutional violation); California First Bank v. State, 111 N.M. 64, 68-69, 801 P.2d 646, 650-51 (1990)(holding that, for state law claims, city may be vicariously liable for officers' actions).

Hernandez contends that there is a clear distinction between the car chase and Benard's use of excessive force. Hernandez correctly points out that federal courts, as well as New Mexico state courts, have found that the cause of the original accident may be irrelevant to the later injury in certain contexts. See, e.g., Jimenez v. DaimlerChrysler Corp., 269 F.3d 439, 453 (4th Cir. 2001)(affirming district court's holding that "the cause of the original accident was not relevant to proving a claim for enhanced injury."); Norwest Bank New Mexico N.A. v. Chrysler Corp., 1999-NMCA-070, ¶ 10, 127 N.M. 397, 402, 981 P.2d 1215, 1220 ("[A] successive tortfeasor like Chrysler may not use the driver's negligence in causing the accident to reduce its own legal responsibility for enhanced injury.")(emphasis in original).[1] Hernandez contends that the same rule should apply in this

---

[1] Hernandez also cites Cleveland ex rel. Cleveland v. Piper Aircraft Corp., 890 F.2d 1546, 1548-50 (10th Cir. 1989), for the proposition that the district court should have granted the plaintiff's motion *in limine* to exclude "cause of crash evidence" as irrelevant to the plaintiff's "second collision" crash worthiness case. The facts, however, are otherwise. The Honorable Edwin L. Mechem, District Judge, denied the motion *in limine*. The Tenth Circuit held that New Mexico law requires the jury to compare the negligence of those responsible for the "initial collision" to that of those responsible for the "second collision." Cleveland ex rel. Cleveland v. Piper Aircraft Corp., 890 F.2d at 1546.

case; the fact the Defendants were involved in a motor vehicle chase and accident does not alter their responsibility for Hernandez' injury.  Because of this legal principle, Hernandez contends that the motor vehicle chase is irrelevant to Hernandez' claims herein.

Hernandez relies on case law involving products liability claims and the crash worthiness doctrine involving enhanced injuries.  Hernandez has not alleged a products liability claim.  Further, the rationale used in the decisions Hernandez cites is distinguishable.  The courts in these cases each confronted a products liability claim arising out of some accident that may have been caused by a different tortfeasor.  See Jimenez v. DaimlerChrysler Corp., 269 F.3d at 453; Norwest Bank New Mexico N.A. v. Chrysler Corp., 1999-NMCA-070, ¶ 10, 127 N.M. at 402, 981 P.2d at 1220.  The analysis involved looked to whether the manufacturer of the offending product could introduce evidence of negligence on the part of the other tortfeasor to reduce  its own potential liability.  This tort liability analysis of relevant evidence is removed from the analysis of relevant evidence in an excessive force claim.  The potential connection between Hernandez' decision to attempt to flee arrest and his subsequent treatment by the officers renders the details of the vehicle chase relevant.  In contrast, whether someone negligently caused a car or airplane accident may not be relevant to whether a manufacturer ought to be held liable for producing a product that causes injury during that accident.

The motor vehicle chase is relevant to whether Benard's conduct was objectively reasonable in the context of all facts and circumstances.  See Greene v. Distelhorst, 116 F.3d 1480, at *3 (Table)(6th Cir. 1997)("We find that evidence of Greene's conduct leading to his arrest on July 16, 1993 . . . w[as] admissible to provide the jury with a full account of the events giving rise to Greene's present claims and to demonstrate Greene's motive to run, hide, and resist arrest.").  Cf. Hernandez

v. Cepeda, 860 F.2d 260, 265 (7th Cir. 1988)(holding that evidence of charges on which arrestee was being arrested at the time of alleged civil rights violations was admissible to demonstrate motive to resist arrest). Hernandez is attempting to exclude a significant portion of the facts that relate to how the officers at the scene, specifically Benard, responded and treated Hernandez, and to whether that conduct was reasonable in light of all facts and circumstances. The jury must analyze all of the factual circumstances that occurred, from the moment the police officers made contact with Hernandez until they arrested him, to determine if the officers' conduct was reasonable. See Graham v. Connor, 490 U.S. at 396; Tennessee v. Garner, 471 U.S. at 8-9; Zuchel v. City & County of Denver, 997 F.2d at 735; Campos v. State, 117 N.M. at 158, 870 P.2d at 120.

Hernandez contends that this case concerns Benard's attack on Hernandez after he was in custody. Hernandez contends the police officers' seizure of Hernandez through physical restraint is the separation point in this case. While attacking an arrestee who is already in custody laying face down and handcuffed may not be reasonable under any circumstances, regardless what preceded the arrest, the Court cannot say, on the record before it, that those are the facts here. Hernandez contends that it is undisputed that the police had already accomplished the arrest of Hernandez before his head was struck and he was injured. But the Court has already disagreed, finding that this remains a genuine issue of material fact.

The test of reasonableness must focus on whether the officers' use of mechanical restraints had physically disabled Hernandez from resisting arrest when Benard struck him. While Hernandez alleges that Benard's attack was unprovoked and occurred after the physical seizure of Hernandez, whether those allegations are true is at the heart of the excessive force claim in this case.

Hernandez argues that the Assistant District Attorney ("ADA") that presented the charges

against Benard to the Grand Jury determined that the car chase was not relevant to the Aggravated Battery with a Deadly Weapon.  The ADA stated: "Mr. Hernandez I'm going to ask you some questions and we're going to keep it to what happened after you were in a vehicle and it wrecked, okay?  When you hit the pole, tell the Grand Jury what happened from there?"  Transcript of Grand Jury Proceedings at 31.  Hernandez contends that there is no substantial difference in facts necessary to prove this case and the Aggravated Battery with a Deadly Weapon.

The Court need not decide whether proof of Aggravated Battery with a Deadly Weapon would satisfy all the elements of a Fourth Amendment excessive force claim.  While the Grand Jury indicted Benard for that felony, Benard pled guilty to a misdemeanor and the state court dismissed the felony charge.  While the ADA could certainly and properly limit his or her questioning to events after the wreck to establish probable cause for an indictment, it is a different issue what evidence the Court will allow Benard to put on in his defense.  Accordingly, the Court should not exclude the motor vehicle chase under article II, section 10 or the Fourth Amendment's reasonableness test.  See Graham v. Connor, 490 U.S. at 396-97 ("The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation.")

## II. THE PROBATIVE VALUE OF THE VEHICLE CHASE SUBSTANTIALLY OUTWEIGHS ANY PREJUDICIAL IMPACT.

Hernandez contends that, even if the Court concludes that the motor vehicle chase is relevant, the Court should exclude reference to it pursuant to rule 403 because any reference would be prejudicial.  Rule 403 provides: "Although relevant, evidence may be excluded if its probative value

is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Rule 403 exclusion, however, "is an extraordinary remedy to be used sparingly." Atencio v. City of Albuquerque, 911 F. Supp. 1433, 1439 (D.N.M. 1995)(Vazquez, J.)(citing K-B Trucking Co. v. Riss Intern. Corp., 763 F.2d 1148 (10th Cir.1985)).

Courts have recognized that most relevant evidence is, by its very nature, prejudicial, and that evidence must be unfairly prejudicial before the court excludes it. See United States v. Pulido, 69 F.3d 192, 201 (7th Cir. 1995). Evidence is unfairly prejudicial "if it will induce the jury to decide the case on an improper basis . . . rather than on the evidence presented." United States v. Miles, 207 F.3d 988, 992 (7th Cir. 2000)(quoting United States v. Pulido, 69 F.3d at 201). The United States Court of Appeals for the Tenth Circuit has instructed that courts should "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." Deters v. Equifax Credit Info. Servs., Inc., 202 F.3d 1262, 1274 (10th Cir. 2000)(citation and internal quotation marks omitted).    Hernandez argues that, if the Court allows the vehicle chase into evidence, it will divert attention of the fact finder from the question of the Defendants' responsibility to the improper issue of Hernandez' character so that the fact finder will be induced to decide the case on an improper basis. Hernandez contends that the prejudicial effect of the chase outweighs any probative value, thus mandating its exclusion. He again contends that the ADA's exclusion of the car chase from his questioning during the Grand Jury proceedings puts to rest Benard's contention that the car chase is more probative than prejudicial. He asserts the state prosecutor would have used the car chase if it had any probative value.

Hernandez' pre-arrest conduct is relevant to evaluating the nature of the threat presented to

the officers and of the reasonableness of Benard's concerns for officer safety. The Court believes that these issues are still material, because the Court cannot say, on the record before it, whether all officers were safe at the time Benard allegedly struck Hernandez. While the Court might be prepared to say that all officers were safe once they had effectuated the arrest and secured Hernandez is mechanical restraints, there is still a factual issue when Benard struck Hernandez.

The Court cannot assess the Defendants' responsibility without the determination whether the conduct in question was reasonable in light of all factual circumstances. Hernandez' pre-arrest conduct is relevant to evaluating the nature of the threat posed to the officers and the reasonableness of concerns for officer safety. The jury should consider Hernandez' reckless and dangerous conduct. Accordingly, the probative value of the evidence outweighs any prejudicial impact because the jury may not be able to properly conduct its constitutional test of reasonableness without its inclusion.

## III. THE DEFENDANTS ARE NOT OFFERING THE MOTOR VEHICLE CHASE AS CHARACTER EVIDENCE.

Hernandez also argues that the Court should exclude evidence of the vehicle chase pursuant to rule 404(b), which prohibits the introduction of evidence of other crimes, wrongs, or acts to prove the character of the person to show action in conformity therewith. See Fed. R. Evid. 404(b); United States v. Lara, 956 F.2d 994, 996 (10th Cir. 1992). The rule goes on, however, to list a number of other purposes for which such evidence is admissible, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." Fed. R. Evid. 404(b). There are four requirements for admissibility under rule 404(b): (i) evidence of other crimes, wrongs, or acts must be introduced for a proper purpose; (ii) the evidence must be relevant; (iii) the court must make a rule 403 determination whether the probative value of the similar act is substantially

outweighed by its potential prejudice; and (iv) the court, upon request, must instruct the jury that it is to consider the evidence only for the limited purpose for which the court admitted it. See United States v. Hill, 60 F.3d 672, 676 (10th Cir. 1995); United States v. Fitzherbert, 13 F.3d 340, 343 (10th Cir. 1993).

Hernandez argues that the only reason the Defendants would offer evidence of the vehicle chase is to show that Hernandez is "a bad person, and because the Defendants had to chase him, he got what he had coming."  Plaintiff's Memorandum in Support of Motion in Limine at 4 (Doc. 18). Hernandez states that the chase is irrelevant and prejudicial, and a limiting instruction will not take away from the prejudicial effects.  He asserts that this evidence tends to distract the trier of fact from the main question of what actually happened on the particular occasion.

Hernandez contends that the chase subtly permits the trier of fact to reward the "good" man and to punish the "bad" man because of their respective characters despite what the evidence in the case shows actually happened.  Id.  Hernandez contends that "the exclusion of evidence of prior acts 'is not a simple evidentiary [issue], but rather goes to the fundamental fairness and justice of the trial itself.'"  United States v. Castillo, 140 F.3d 874, 880 (10th Cir. 1998)(citing United States v. Burkhart, 458 F.2d 201, 205 (10th Cir.1972) (en banc)); United States v. Biswell, 700 F.2d 1310, 1319 (10th Cir. 1983).  Hernandez argues that, given the importance of the issue, allowing any evidence regarding the motor vehicle chase to be placed in front of the fact finder will undermine the outcome of this cause, irreparably causing prejudice towards Hernandez.

The Defendants are not offering the motor vehicle chase as impermissible character evidence, but rather as one of many factual circumstances underlying  Hernandez' alleged constitutional violations.  The motor vehicle chase is not evidence of "other crimes, wrongs, or acts" but a factual

circumstance in the incident before the Court.  See Driscoll v. Schmitt, 649 F.2d 631, 633 (8th Cir.

1981).  In Driscoll, the court admitted testimony of hospital staff regarding violent statements that

the plaintiff made following his arrest, because they related to his claim of excessive force and to the

events that transpired at the time of arrest.  See id. at 633.  The United States Court of Appeals for

the Eighth Circuit stated:

> The events at the hospital and the record thereof showed a continuing course of such
> conduct by plaintiff not unrelated to the time of arrest. This is not a situation where
> defendants were seeking to admit evidence of past violent acts or brawls, or of
> plaintiff's general propensity for aggressive behavior or bad character.

Id.

In Greene v. Distelhorst, the issues discussed and the application of the Fourth Amendment's

reasonableness test is factually similar to this matter.  The United States Court of Appeals for the

Sixth Circuit found that the district court had properly admitted evidence of events that immediately

preceded an arrest where the plaintiff alleged excessive force "to place the events surrounding

[plaintiff's] arrest in the proper context and to show motive for his conduct ." Greene v. Distelhorst,

116 F.3d 1480 at * 2.  The Sixth Circuit held:

> [T]he evidence of [plaintiff's] conduct leading to and during his arrest, and the
> resulting convictions, was not admitted in order to impeach him.  In this regard, the
> district court stated: . . . [M]y understanding of the purpose that the City wants to
> introduce evidence about these misdemeanors . . . is not for the purpose of
> impeaching [plaintiff], but rather for showing the full circumstances under which he
> was arrested.  And I would permit them to inquire on that basis because that's part
> of what happened here, the full situation and events.

Greene v. Distelhorst, at * 2.

The evidence in Greene v. Distelhorst did not "fit neatly into a Rule 404(b) analysis" because

the evidence that the plaintiff sought to exclude involved the "very arrest that [plaintiff] here contends

-11-

was unlawful and accomplished by means of the use of excessive force." Id. at *3.  The Sixth Circuit noted that, if the district court had excluded the evidence as requested, it would have denied the defendants the right to present a defense.  See id. ("Evidence of this activity . . . hardly could have been excluded without denying these defendants the right to present their defense.").  Here, if the Court were to exclude the evidence, the Court would be preventing the Defendants from presenting a full defense because the fact finder could not assess the reasonableness of Benard's conduct in light of the Fourth Amendment's reasonableness inquiry.  Likewise, the exclusion of such evidence would adversely impact the City's potential liability.  See Medina v. City & County of Denver, 960 F.2d at 1499; California First Bank v. State, 111 N.M. at 68-69, 801 P.2d at 650-51.       Thus, the Defendants are not offering the motor vehicle chase as character evidence.  The motor vehicle chase, by definition, is not character evidence.  But even if evidence of the vehicle chase was evidence of other crimes, wrongs, or acts, it would be admissible under rule 404(b).  The Defendants may properly offer evidence of the vehicle chase as proof of Hernandez' motive to resist arrest.  The evidence is relevant to the question whether Hernandez was in fact resisting arrest.  As discussed above, the Court has determined that the probative value of the evidence substantially outweighs the danger of unfair prejudice.  Finally, the Court will, upon request, provide a limiting instruction to the jury regarding the proper purpose of the evidence.

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion in Limine, to Wit: Vehicle Chase of April 23, 2000 is denied.  The Defendants may introduce evidence at trial regarding the details of the vehicle chase that preceded the alleged use of excessive force against the Plaintiff.

_____
UNITED STATES DISTRICT JUDGE


Anthony James Ayala
Albuquerque, New Mexico

    *Attorney for the Plaintiff*


Norman F. Weiss
Alisa R. Wigley
Simone, Roberts & Weiss, P.A.
Albuquerque, New Mexico

    *Attorneys for the Defendant Tom Benard*


Stephanie Griffin
Assistant City Attorney
Albuquerque, New Mexico

    *Attorney for the Defendant City of Albuquerque*