## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ROBERT HERNANDEZ,

     Plaintiff,

vs.                                                                                    No. CIV 02-0333   JB/RHS

CITY OF ALBUQUERQUE, and
TOM BENARD,

     Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the Plaintiff's Motion in Limine, to Wit: Prior Bad Acts Evidence (filed August 6, 2002)[Doc. 19]. The issue is whether the Court should exclude evidence at trial of all Plaintiff's prior arrests, convictions, and other bad acts. Because the Court finds that such evidence is of little relevance following the Plaintiff's withdrawal of his claims for emotional trauma and lost wages and that the danger of unfair prejudice substantially outweighs any potential probative value, it will grant the motion and exclude evidence of specific arrests, convictions and other bad acts. The Court will reserve judgment on the issue of whether evidence of prior convictions is appropriate under Federal Rule of Evidence 609 to impeach the Plaintiff's credibility.

## <u>BACKGROUND</u>

This cause of action arises out of a motor vehicle stop in which the Defendant, Tom Benard ("Benard"), allegedly used excessive force against the Plaintiff, Robert Hernandez ("Hernandez"), in violation of article II, section 10 of the New Mexico Constitution and of the Fourth Amendment of the United States Constitution to effectuate an arrest. The Albuquerque Police Department originally misidentified Hernandez, which resulted in a short motor vehicle chase. After a felony

motor vehicle stop, the officers took Hernandez down to the ground.  Hernandez contends that, while he was handcuffed on the ground, Benard physically assaulted him.  Hernandez is currently incarcerated.  Hernandez had also been incarcerated before the incident that forms the basis of this lawsuit.

The bad acts evidence that Hernandez wishes to exclude include: (i) receiving and transferring a stolen motor vehicle; (ii) false evidence of title registration; (iii) felon in possession of a firearm; (iv) criminal damage to property over $1000; (v) failure to report school/treatment release; (vi) aggravated battery (deadly weapons/great bodily harm)(four counts); (vii) aggravated burglary with a deadly weapon; (viii) aggravated assault with a deadly weapon; (ix) aggravated battery with a deadly weapon (two counts), or in the alternative, aggravated battery great bodily harm; (x) conspiracy to commit aggravated battery, deadly weapon, or in the alternative, conspiracy to commit aggravated battery, great bodily harm; (xi) aggravated battery; (xii) aggravated assault, deadly weapon; (xiii) attempt to commit a felony, to wit: armed robbery, or in the alternative, unlawful taking of a motor vehicle; and (xiv) attempt to commit a felony, to wit: kidnaping, resisting, evading, or obstructing a police officer.  See Second Judicial District Cause No. CR-94-01075; Second Judicial District Cause No. CR-99-00261; Second Judicial District Cause Nos. CR 00-001106, CR-00–003303, CR-00-003752, and CR-01-001822.  All of these events occurred in Albuquerque, New Mexico.  The Albuquerque Police Department handled them all or had all of them reported to it.

At oral argument, Hernandez informed the Court that he would withdraw his claims for emotional trauma and lost wages.  In light of the limited scope of relief he is seeking, Hernandez also requested the exclusion of evidence of the following facts and events: (i) past heroin use; (ii) current incarceration under a 22 year sentence for aggravated assault on a police officer with a deadly

weapon, (iii) childhood history; (iv) habitual offender status; (v) two felony convictions in California; and (vi) prior incarceration.

## LEGAL ANALYSIS

Hernandez contends that any evidence of his previous arrests, convictions and other bad acts is irrelevant to these proceedings and would be unfairly prejudicial to him.  Hernandez asks the Court to exclude this evidence under rules 402, 403, and 404(b) of the Federal Rules of Evidence.

## I.   SPECIFIC EVIDENCE OF HERNANDEZ' PRIOR BAD ACTS IS NOT RELEVANT.

The procedural rules require Hernandez to "state with particularity the grounds" for each motion.  Fed. R. Civ. P. 7; D.N.M. LR-Civ. 7.1(a).  The Defendants complain that Hernandez fails to identify "with particularity" the prior bad acts evidence for which he seeks exclusion and that the Court should therefore deny his motion.  The Defendants contend that this failure to identify with particularity has prevented them from adequately responding to this motion and addressing its merits. At the time the Defendants filed their response to this motion, the parties had just begun discovery, and the Defendants did not have complete information about specific bad acts or criminal history about Hernandez.  Hernandez did not provide a detailed listing of evidence he sought to exclude until he filed his Reply.  See Plaintiff's Reply to Defendants City of Albuquerque, Albuquerque Police Department, and Tom Benard's Response to Plaintiff's Motion in Limine Regarding Prior Bad Acts, filed September 20, 2002 (Doc. 36).

The Defendants do know that Hernandez has had, and continues to have, difficulty with the law.  As Hernandez points out, it was the Albuquerque Police Department that originally charged Hernandez with the majority of the prior bad acts in question.  Most of the prior bad acts evidence listed above is in the immediate possession of the Defendants and their agents.  Hernandez has not,

3

intentionally or otherwise, prevented the Defendants from addressing the merits of his motion. Accordingly , the Court will not deny Hernandez' motion on that basis as the Defendants request. The Court believes that it can render a meaningful decision.  The Court will therefore proceed to decide the motion.

The Federal Rules of Evidence require that evidence be relevant.  <u>See</u> Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible.").  The rules of evidence define "[r]elevant evidence" as evidence that "ha[s] any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  As such, rule 402 requires that all evidence be logically relevant to a material issue in the case.  <u>See</u> <u>United States v. Castillo</u>, 140 F.3d 874, 882 (10th Cir. 1998).  Likewise, "[a]ll relevant evidence is admissible," unless other applicable rules limit its admission.  <u>See</u> Fed. R. Evid. 402.

On the present record, the Court does not see how evidence concerning Hernandez' prior criminal conduct or other bad acts would be relevant to Benard's alleged excessive use of force in making an arrest.  This is even more true in light of the fact that Hernandez is no longer seeking damages for emotional trauma or lost wages.  The fact that Hernandez has been incarcerated before may be relevant to his motive to flee from police or resist arrest.  Detailed evidence of previous crimes or bad acts, however, is not material or relevant.  Likewise, the identification of particular arrests or convictions is not relevant.  Accordingly, the Court will exclude that evidence, but allow general but limited evidence that Hernandez has previously been incarcerated.

4

## II.    EVEN IF IT IS RELEVANT, THE COURT WILL EXCLUDE SPECIFIC EVIDENCE OF HERNANDEZ PRIOR BAD ACTS UNDER RULE 403.

Hernandez argues that, even if the evidence of his bad acts were relevant to the issues in these proceedings, the Court should exclude this information under rule 403 as overly prejudicial.  Rule 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.  Hernandez contends the prejudicial effect of this evidence outweighs any probative value the prior bad acts evidence may have.

"Rule 403 applies to all evidence admitted in federal court, except in those rare instances when other rules make an exception to it."  United States v. Guardia, 135 F.3d 1326, 1329 (10th Cir. 1998).  See, e.g., Fed. R. Evid. 609(a)(2)(mandating that prior conviction of a witness be admitted for impeachment purposes if prior crime involved dishonesty).  In determining whether to exclude evidence on grounds of unfair prejudice, courts should consider "the probable effectiveness or lack of effectiveness of a limiting instruction," as well as the "availability of other means of proof."  Fed. R. Evid. 403, Advisory Committee Notes.  By its very nature, most relevant evidence is prejudicial; however, for a court to exclude, the evidence must be unfairly prejudicial.  See United States v. Pulido, 69 F.3d 192, 201 (7th Cir. 1995).

Evidence is not unfairly prejudicial in the rule 403 sense merely because it hurts a party's case.  Rather, evidence is unfairly prejudicial when it would influence the jury to decide the case on an improper basis.  See Fed. R. Evid. 403, Advisory Committee Notes ("'Unfair prejudice' . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an

emotional one."). The Court can properly exclude evidence under rule 403 if, "after balancing its probative value against certain competing considerations set forth in the rule [the court] conclude[s] that the costs of the evidence outweigh its benefits." S.E.C. v. Peters, 978 F.2d 1162, 1171 (10th Cir. 1992)(quoting United States v. Mangiameli, 668 F.2d 1172, 1176 (10th Cir. 1982), cert. denied, 456 U.S. 918 (1982)).

Rule 403 exclusion "is an extraordinary remedy to be used sparingly." Atencio v. City of Albuquerque, 911 F. Supp. 1433, 1439 (D.N.M. 1995)(Vasquez, J.). As such, courts should "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." Deters v. Equifax Credit Info. Servs., Inc., 202 F.3d 1262, 1274 (10th Cir. 2000). The Court must keep in mind that rule 403 authorizes the exclusion of relevant evidence only when the countervailing considerations "substantially outweigh[]" the probative value of such evidence. Fed. R. Evid. 403. On the other hand, the Court can exclude highly relevant evidence if it is unduly prejudicial. See id.

The application of rule 403 should result in exclusion of evidence that has an undue prejudicial effect, and the evidence here is such evidence. The risk of prejudice is present whenever a court admits evidence of a party's prior bad acts. Because Hernandez has withdrawn his claims for emotional trauma and lost wages, detailed evidence of his criminal history is not necessary to refute Hernandez' damages claims. Thus, the prejudicial effect in admitting evidence of Hernandez' previous arrests and/or convictions substantially outweighs any potential probative value, and the Court will exclude specific or detailed evidence regarding previous arrests, convictions, and bad acts.

## III. THE COURT WILL EXCLUDE EVIDENCE OF HERNANDEZ' BAD ACTS PURSUANT TO RULE 404(b).

Rule 404(b) prohibits the introduction of "[e]vidence of other crimes, wrongs or acts . . . to

prove the character of the person in order to show action in conformity therewith" unless it is "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." Fed. R. Evid. 404(b).  In addition to the internal requirements of rule 404(b), the rule 403 balancing test also applies to evidence of other crimes wrongs, or acts.  See Huddleston v. United States, 485 U.S. 681, 687-88 (1988)(noting that rule 403 applies to rule 404(b)).  Thus, even if the proposed evidence in this case is offered for a proper purpose under rule 404(b), the Court must still determine if the probative value of the evidence is substantially outweighed by its danger of unfair prejudice.

The Court can avoid prejudice by evaluating the evidence under the four requirements that the evidence must meet to be admissible under rule 404(b): (i) the movant must introduce evidence of other crimes, wrongs, or acts for a proper purpose under rule 404(b); (ii) the evidence must be relevant under rule 401; (iii) the court must make a rule 403 determination whether the potential for unfair prejudice substantially outweighs the probative value of the similar acts; and (iv) the court, upon request, must instruct the jury that it is to consider the evidence for the limited purpose for which the court has admitted it.  See United States v. Hill, 60 F.3d 672, 676 (10th Cir. 1995)(citing Huddleston v. United States, 485 U.S. at 691-92.

The proponent of the evidence can satisfy the first factor if it falls into one of the excepting categories.  For example, a court might admit a plaintiff's arrests or crimes  under rule 404(b) in an excessive force case as proof of motive or intent to resist arrest.  See Lewis v. District of Columbia, 793 F.2d 361, 363 (D.C. Cir. 1986)(holding that evidence of the plaintiff's prior arrests and prior drug use were admitted under rule 404(b) because the prior arrests showed his motive to resist arrest, and his prior drug use was relevant to his emotional damages claims because such damages could

have been related to drug withdrawal, not the claim of excessive force); Bowden v. McKenna, 600 F.2d 282, 284 (1st Cir. 1979)(finding that identification of plaintiff as one of the people who committed a robbery was proper under rule 404(b) because it showed his motive to resist arrest).

Whether Hernandez was actively resisting arrest is a factor that the jury can use in assessing whether the police officer's conduct in executing the arrest was objectively reasonable. See Graham v. Connor, 490 U.S. 386, 396 (1989)("[P]roper application [of the Fourth Amendment's reasonableness standard] requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."). The Court believes that the fact that Hernandez has been incarcerated before can properly be used to establish motive to resist arrest. Such evidence is therefore relevant to the reasonableness analysis under the Fourth Amendment. Accordingly, both the first and second factors for admission under rule 404(b) are met.

The third factor requires the Court to undertake a rule 403 analysis. As discussed above, the Court believes that the probative value of evidence of specific arrests, crimes, and bad acts is substantially outweighed by the danger of unfair prejudice to Hernandez. Generally, character evidence is of slight probative value. It tends to distract the fact finder from the main question of what actually happened on a particular occasion. It subtly permits the fact finder to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.

The exclusion of this evidence "is not a simple evidentiary [issue], but rather goes to the fundamental fairness and justice of the trial itself." United States v. Burkhart, 458 F.2d 201, 205

(10th Cir. 1972).  See United States v. Biswell, 700 F.2d 1310, 1319 (10th Cir. 1983).  As such, the Court should make certain that the fact finder determines this case on its merits and not on Hernandez' character.  Specific evidence of Hernandez' prior arrests, convictions, and bad acts is irrelevant and substantially prejudicial, and no limiting instruction would be able to cure its affect.  Thus, the third and fourth factors under rule 404(b) are not met, and the Court will not admit evidence of specific arrests, convictions, or bad acts.

General evidence of past incarceration, however, is a separate issue.  Such evidence may be used to show motive to resist arrest and is relevant to the Fourth Amendment analysis.  Moreover, the probative value of such evidence substantially outweighs any danger of unfair prejudice.  The Court believes that a limiting instruction, given upon request, can cure any possible prejudice from the admission of that evidence.  Accordingly, the Court will allow Benard to inquire whether Hernandez had been incarcerated before the events giving rise to this lawsuit without discussing the specific events leading up to his incarceration.

## IV.   THE COURT WILL RESERVE JUDGMENT ON THE ADMISSIBILITY OF EVIDENCE UNDER FEDERAL RULE OF EVIDENCE 609.

Pursuant to rule 609, an opposing party is entitled to impeach the testimony of a witness in two ways: (i) "evidence that a witness . . . has been convicted of a crime . . . punishable by death or imprisonment in excess of one year," or (ii) "evidence that any witness has been convicted of a crime . . . involv[ing] dishonesty or false statement."  Fed. R. Evid. 609(a).  Admission of such evidence is subject to the rule 403 balancing test, unless it is a crime of "dishonesty or false statement," and no such evidence is admissible if more than ten years have elapsed.  Fed. R. Evid. 609(a) & (b).  Hernandez asserts that Benard is seeking to introduce prior convictions to show Hernandez is not

worthy of belief, but rule 609 allows conviction evidence for this purpose.  Rule 609 authorizes such testimony to attack a witness' credibility.  See Fed. R. Evid. 609.

Because Hernandez did not identify specific prior convictions until his Reply, the Defendants did not have a full opportunity to brief the rule 609 issue.  Because the Court believes that some prior convictions may be admissible under rule 609, the Court will not exclude such evidence at this point. The Court is not convinced, however, that the probative value of this evidence outweighs its prejudicial effect to Hernandez.  Accordingly, defense counsel should approach the bench before attempting to elicit such testimony at trial.

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion in Limine, to Wit: Prior Bad Acts Evidence (filed August 6, 2002)[Doc. 19] is granted in part and denied in part.  The Defendant may not attempt to introduce evidence, through the Plaintiff or any other witness, regarding the following: (i) any past arrest; (ii) any past conviction; (iii) specific instances of past incarceration; (iv) any prior criminal act (unless otherwise specifically allowed by the Court); (v) past instances of drug abuse; (vi) current incarceration; (vii) childhood history; or (viii) habitual offender status.  Defendant Tom Benard will be allowed to question the Plaintiff whether he had ever been incarcerated before the events that gave rise to this lawsuit.  The Court will not decide at this time, on the record before it, whether to allow evidence at trial of prior convictions under rule 609.  Defense counsel is instructed, however, to approach the bench for a sidebar and consult the Court before attempting to elicit such testimony or use such evidence.  The Court instructs the Defendant  and his counsel not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any excluded evidence.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Anthony James Ayala
Albuquerque, New Mexico

 *Attorney for the Plaintiff*


Norman F. Weiss
Alisa R. Wigley
Simone, Roberts & Weiss, P.A.
Albuquerque, New Mexico

 *Attorneys for the Defendant Tom Benard*


Stephanie M. Griffin
Assistant City Attorney
Albuquerque, New Mexico

 *Attorney for the Defendant City of Albuquerque*

11