# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ROBERT HERNANDEZ,

    Plaintiff,

vs.                                          No. CIV 02-0333 JB/RHS

CITY OF ALBUQUERQUE, and
TOM BENARD,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff, Robert Hernandez' Sealed Motion in Limine, To Wit: Inclusion of Internal Affairs Investigation, Findings, and Recommendation; Audio and/or Written Transcripts of Tom Benard's Pre-Disciplinary Hearing; and Final Disciplinary Decision, filed August 25, 2003 (Doc. 172) and the Defendant Tom Benard's Motion in Limine Concerning the Proposed Testimony of Detective Carla Gandara and the Criminal Investigation Report, filed January 16, 2004 (Doc. 288). The Court held a hearing on these motions on October 27, 2003 and January 21, 2004, respectively. Based on Hernandez' representations at the hearing on January 21, the Court understands that Hernandez will not seek to introduce the audio and/or written transcripts of Benard's pre-disciplinary hearing or the final disciplinary decision, nor will he call Gandara as a witness at trial to elicit testimony regarding her report. See Transcript of Hearing at 37:10-11; 37:20-24; 40:13-15 (January 21, 2004).[1] Because Hernandez has represented that he

---

[1] The Court's citations to the transcripts of the two hearings refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

will not attempt to introduce the transcripts, the disciplinary decision or Gandara as a witness, the Court will not address them.

The remaining primary issues are: (i) whether the Criminal Investigation Report and the Internal Affairs Investigation Findings and Recommendation fall within the hearsay exception in rule 803(8)(C) of the Federal Rules of Evidence; (ii) whether the reports are relevant under rule 401 of the Federal Rules of Evidence; and (iii) whether the probative value of the reports outweighs any prejudice to Benard. Because the Court finds that the reports fall within the scope of rule 803(8)(C) and are otherwise relevant and probative, the Court will allow Hernandez to introduce Gandara's Criminal Investigation Report as well as the Internal Affairs Findings and Recommendation.

## BACKGROUND

On April 24, 2000, Albuquerque Police Department Officers were involved in a motor vehicle chase with Hernandez, believing him to be a homicide suspect. The pursuit ended when Hernandez was involved in an accident. The first officer on the scene exited his vehicle and was running toward Hernandez' vehicle when a second police unit struck him. The officers on the scene took Hernandez into custody. Hernandez alleges that, after he was placed in handcuffs, Benard struck him on the legs and head using Benard's asp.

On September 6, 2000, Detective Carla Gandara commenced a criminal investigation of the incident. Gandara's investigation included interviews of the officers present at the scene of Hernandez, and of witnesses at the scene. Gandara completed her investigation on January 25, 2001.

Internal Affairs also initiated an investigation as a result of the pursuit resulting in one officer being struck by a second police unit. Citizen witnesses were later observed on the news stations alleging an officer struck Hernandez in the head with his baton. Accordingly, the investigation was

enlarged to include these allegations.

During the Internal Affairs investigation, Sergeant Granberry conducted numerous interviews with both law enforcement officers and civilian witnesses, in addition to reviewing numerous police reports, memoranda, photographs of the scene and of Hernandez' injuries, and video and audio tapes. Benard asserts that Internal Affairs incorporated Gandara's criminal investigation into its findings rather than conducting its own investigation.

A Stipulated Order does not allow Hernandez to disclose Benard's Internal Affairs documentation to any non-party except Police Procedure experts. Hernandez requests in his motion that the Court allow him to show Benard's disciplinary record to the jury. Specifically, Hernandez seeks to use evidence of the Internal Affairs investigation, findings and recommendations; audio and/or written transcript of Benard's pre-disciplinary hearing; and the final disciplinary decision. As noted earlier, however, Hernandez now intends to introduce only two redacted documents: (i) Gandara's Criminal Investigation Report; and (ii) the Internal Affairs Investigation Findings and Recommendations. See Tr. of Hearing at 37:12-18 (January 21, 2004).

At a hearing on October 27, 2003, the Court heard arguments on Hernandez' motion and stated the material seems relevant, particularly the internal investigation report, the findings, and the recommendations. The court stated: "It seems as long as Benard is claiming that he hit Hernandez with justifiable force, this evident is relevant." See Tr. of Hearing at 77:9-11 (October 27, 2003). The Court noted that it did not understand Benard to be arguing that this material is not relevant. See id. at 77:13-14

The Court stated that those materials would seem to be admissible under rule 803(8) of the Federal Rules of Evidence and under Perrin v. Anderson, 784 F.2d 1040 (10th Cir. 1986). See Tr.

of Hearing at 77:4-5 (October 27, 2003). The Court did, however, invite Benard to indicate whether there were specific portions of the report that should be redacted because of double hearsay problems. See Tr. of Hearing at 42:2-5 (January 21, 2004). But the Court said it was not inclined to exclude the entire documents. See id. The Court also stated that the material did not seem unfairly prejudicial. The Court indicated that it was inclined to grant Hernandez' motion.

Before the Court completed its opinion and order on Hernandez' motion, Benard filed his motion seeking to preclude Hernandez from using Gandara's criminal investigation report or from introducing any testimony by Gandara regarding her report. Given that it sought to exclude all materials, rather than portions of the documents, Benard effectively asks the Court to reconsider its earlier oral ruling granting Hernandez' motion regarding the Internal Affairs documents. The Court's work on these two motions has been somewhat hampered by the breadth of Hernandez' original request and by the fact that neither party attached any portion of the documents in question to the briefing on either of these motions. Gandara's Criminal Investigation Report is attached as an exhibit to Hernandez' Amended Motion for Summary Judgment, filed August 6, 2002 (Doc. 21), but the parties have not provided any of the Internal Affairs investigation documents to the Court. At the hearing on January 21, 2004, Hernandez offered to provide the Court and Benard with redacted copies of what he intends to use at trial. Because the Court finds that the reports are both, as a whole, trustworthy and admissible, the Court will not wait to review the documents before issuing this ruling. Benard may, however, upon receiving the redacted documents from Hernandez, make specific objections to portions of either report and the Court will consider them at that time.

## **DISCUSSION**

For the Court to admit either of the reports at issue, it must be satisfied that they meet the

requirements of the relevant rules of evidence.  Hernandez argues that the reports comply with rules 803(8), 401, 403, 404(b) and 608(b) of the Federal Rules of Evidence.[2]

**I.    RULE 803(8)**

Federal Rule of Evidence 803(8) allows admission of "[p]ublic records and reports":

> Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report . . . (C) in civil actions and proceedings . . . factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Fed. R. Evid. 803(8).  Both reports are, with their opinions, conclusions, and recommendations, presumed admissible under rule 803(8)(C), unless Benard demonstrates the reports' untrustworthiness.  See Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 167-69 (1988)(holding that conclusions and opinions in government reports are generally admissible); S. Salzburg, M. Martin, & D. Capra, supra § 803.02[9][b] at 803-56 ("The nonoffering party must make an affirmative and particularized showing that the preparation of the report was contrary to the general standard of public service that makes such reports reliable.").  Accordingly, before a Court can sustain an objection to the official report, the party challenging the validity of an official report admitted under rule 803(8)(C) must come forward with some evidence that would impugn its trustworthiness.  See In Re Air Crash Disaster at Stapleton Int'l Airport, Denver, Co., 720 F. Supp. 1493, 1497 (D. Colo.

---

[2] Rule 404(b) prohibits the introduction of evidence of <u>other</u> crimes, wrongs, or acts to prove the character of the person to show action in conformity therewith.  See Fed. R. Evid. 404(b); United States v. Lara, 956 F.2d 994, 996 (10th Cir. 1992).  Rule 608(b) prohibits proof by extrinsic evidence of specific instances of a witness' <u>prior</u> conduct, other than conviction of a crime as provided in rule 609, for the purpose of attacking or supporting the witness' credibility.  See Fed. R. Evid. 608(b); Mason v. Texaco Inc., 948 F.2d 1546, 1556 (10th Cir. 1991).  Both of these rules pertain to evidence of prior acts of the witness, not acts that are currently before the Court.  The Court finds, therefore, that these two rules are not relevant to the current motion and will not address them.

1989)("Because of presumption that government prepared reports are [admissible], the opponent to [admissibility] has the burden of showing that a public record is untrustworthy.")

The Supreme Court of the United States has clarified that, in considering the trustworthiness provision of rule 803(8)(C), a Court may and should consider separate portions of a report to determine whether any portion of the report is untrustworthy and should be excluded:

> Thus, a trial judge has the discretion, and indeed the obligation, to exclude an entire report or portions thereof . . . that she determines to be untrustworthy. Moreover, safeguards built into other portions of the Federal Rules, such as those dealing with relevance and prejudice, provide the court with additional means of scrutinizing and, where appropriate, excluding evaluative reports or portions of them . . . . [T]he trustworthiness provision requires the court to make a determination as to whether the report, or any portion thereof, is sufficiently trustworthy to be admitted.

Beech Aircraft Corp. v. Rainey, 488 U.S. at 167-69.

The Advisory Committee notes to rule 803(8) articulate four nonexclusive factors to determine the trustworthiness of a report: (i) the timeliness of the investigation; (ii) the investigator's skill and experience; (iii) whether a hearing was held; and (iv) possible bias when reports are prepared with a view to possible litigation. See Fed. R. Evid. 803(8)(C) Advisory Committee notes. See also Beech Aircraft Corp. v. Rainey, 488 U.S. at 167 n.11; Perrin v. Anderson, 784 F.2d at 1047.

### A.     TIMELINESS

Benard contends that the criminal investigation report is untimely because Gandara did not begin her report until five months after the incident and concluded it four months later. The Internal Affairs Findings and Recommendations were generated after the conclusion of the criminal investigation.

In considering this factor, the Court looks to whether the report is so untimely that it appears inherently untrustworthy. See 4 S. Salzburg, M. Martin, & D. Capra, Federal Rules of Evidence

-6-

Manual § 803.02[9][f] at 803-66 (8th ed. 2002)("If the time between the event and the investigation is so long as to render the underlying information stale or untrustworthy, the public report is subject to exclusion.")(citing O'Dell v. Hercules, Inc., 904 F.2d 1194 (8th Cir. 1990)(holding EPA investigative report inadmissible because EPA did not conduct investigation until ten years after the defendant had terminated its operations at the plant and after others had operated the plant in the interim)).

The Court does not believe these reports are so untimely as to be untrustworthy. Benard has presented no evidence that, had either investigation been conducted sooner, any flaws currently found in the reports would have been corrected. This factor does not counsel in favor of excluding the reports.

### B.    INVESTIGATOR'S SKILL AND EXPERIENCE

Neither party provided the Court with evidence of Gandara's or Granberry's skills or expertise -- or lack thereof -- in investigating this incident and preparing the reports. Because it is Benard's burden to establish the untrustworthiness of the reports and he has not presented the Court with evidence as to this factor, the Court finds that this factor does not counsel in favor of excluding the reports.[3]

### C.    HEARING

Counsel for Benard clarified at the hearing on this matter that a hearing took place in connection with the Internal Affairs investigation, specifically Benard's Pre-Disciplinary Hearing. It does not appear that any separate hearing took place specifically related to Gandara's criminal

---

[3] In Benard's motion in limine regarding Gandara and her criminal investigation report, he argues that Gandara is not qualified as an expert and, therefore, cannot testify to any hearsay that may be contained in her report. Because Hernandez does not plan on calling Gandara, this point is moot.

investigation. Because hearings did take place concerning the event and in the course of completing the internal investigations, the Court concludes that this factor does not counsel in favor of excluding the reports.

### D.     BIAS

Benard did not offer any specific evidence of bias on the part of either Gandara or Granberry, and, in fact, Benard concedes that neither was actually involved in the incident  There does not appear to be evidence of bias. The Court concludes that this factor does not counsel in favor of excluding the reports.

Each of the four factors that the Advisory Committee articulates in the notes to rule 803(8)(C) favors a finding that the reports are trustworthy. Benard carried the burden to convince the Court otherwise, and he has not done so. The Court finds that the Criminal Investigation Report and the Internal Affairs Findings and Recommendations are trustworthy reports under rule 803(8)(C) and they are, therefore, admissible. While the Court will permit Benard to review Hernandez' redacted trial exhibits to see if there are any portions which are particularly untrustworthy, the Court will not exclude the entire documents.

### E.     DOUBLE HEARSAY

Benard argues that both reports contain hearsay because of the presence of third party statements on which the investigators relied. Benard contends that such "double hearsay" renders the reports inadmissible. See In Re Air Crash Disaster at Stapleton Int'l Airport, Denver, Co., 720 F. Supp. 1493, 1498 (D. Colo. 1989)("Reports otherwise [admissible] under Rule 803(8) may not contain double hearsay--recordation of otherwise [inadmissible] hearsay by the maker of the report. Under the rule approved in *Rainey*, double-hearsay and predominant reliance thereon are indicia of

untrustworthiness.")(internal citation omitted).

Benard has not pointed the Court to any specific "statements" which he asserts constitute "double hearsay" and should be excluded. This obligation will be particularly important after Hernandez provides documents that redact many statements. In any case, the Court cannot, on the record before it, review any such disputed statements and determine whether they are, in fact, hearsay.

The mere fact that a report includes third party statements does not render them inadmissible hearsay. As one treatise notes:

> Yet it can be fairly stated that most Courts have considered the multiple hearsay problem somewhat flexibly under Rule 803(8), given the strong presumption that public reports are reliable. Thus, if the Court finds that the person with firsthand knowledge had no reason under the circumstances to misrepresent information to the public official, the report will probably be found admissible -- even though there was, strictly speaking, no duty to report to the public agency or means of verification, and even though no specific hearsay exception or non-hearsay use is applicable.

S. Salzburg, M. Martin, & D. Capra, supral § 803.02[9][g] at 803-67. See also Moss v. Ole South Real Estate, Inc., 933 F.2d 1300, 1310 (5th Cir. 1991)("[M]any government reports, as with many expert witnesses, have to rely in part on hearsay evidence, and the reports are not generally excluded for this reason."). Furthermore, as the United States Court of Appeals for the Eleventh Circuit stated in Fowler v. Blue Bell, Inc., 737 F.2d 1007, 1013-14 (11th Cir. 1984):

> The appellant acknowledges that the actual report and findings of the commission's field investigation are admissible under Fed. R. Evid. 803(8)(C), which excepts from the hearsay exclusion the results of federal investigation, but he contends that the affidavits that support those findings do not fall within 803(8)(C) and are therefore inadmissible hearsay. The contention is without merit because the district court admitted the affidavits not as evidence of the truth of statements that they contained but only for the limited purpose of showing the basis for the EEOC's findings. Consequently, the affidavits were not hearsay.

It was Benard's burden to come forward with support for his position that the reports, or any portion of them, are untrustworthy. He has not done so. As the court stated in Rodriguez v. City of Houston, 250 F. Supp.2d 691, 700 n.2 (S.D. Tex. 2003):

> Defendant objects to [the Internal Affairs Division Investigative Report], in its entirety, arguing that it contains multiple levels of hearsay and is not material or relevant to any issue in this action. This objection is without merit. The disputed Internal Affairs Division Report contains 'factual findings resulting from an investigation made pursuant to authority granted by law.' Fed.R.Evid. 803(8). Defendant has not shown that 'the sources of [the] information' in this report 'lack ... trustworthiness,' and the report is, therefore, admissible.

On the record before it, and consistent with the Court's rulings at the hearings on these motions, the Court finds that the reports Hernandez intends to introduce are admissible pursuant to rule 803(8)(C).

### F.    LEGAL CONCLUSIONS.

Benard also objects to Gandara's Criminal Investigation Report on the grounds that it contains the legal conclusion that Benard likely committed a battery upon Hernandez and recommended prosecution. The purpose of Gandara's criminal investigation was to determine whether Benard committed an aggravated battery against Hernandez, which is a felony criminal offense. The report recommended prosecution of Benard for that offense and Benard later pled guilty to a misdemeanor charge.

The majority of jurisdictions who have decided whether an 803(8) report may contain legal conclusions have determined that they may not. See e.g. Hines v. Brandon Steel Decks, Inc., 886 F.2d 299, 303 (11th Cir. 1989)("Legal conclusions are inadmissible because the jury would have no way of knowing whether the preparer of the report was cognizant of the requirements underlying the legal conclusion and, if not, whether the preparer might have a higher or lower standard than the law

-10-

requires.") While the Tenth Circuit has not addressed this issue, it has discussed the problems with admitting legal conclusions in an expert's report:

> [A]n expert's testimony is proper under Rule 702 is the expert does not attempt to defined the legal parameters within which the jury must exercise its fact-finding function. However, when the purpose of testimony is to direct the jury's understanding of the legal standard upon which their verdict must be based, the testimony cannot be allowed. In no instance can a witness be permitted to define the law of the case.

Specht v. Jensen, 853 F.2d 805, 809-10 (10th Cir. 1988).

Benard has not pointed to any specific statement in the reports that he considers a legal conclusion. The Court does not see any either. Most statements are findings or recommendations.

In any case, the legal issue for the jury in this case is not whether Benard committed the criminal offense of a battery -- whether a felony or a misdemeanor -- but whether he violated Hernandez' constitutional rights by using excessive force against Hernandez. Any conclusion in the report regarding battery does not, therefore, risk removing a legal conclusion from the hands of the jury that they would otherwise be charged with deciding. Benard is free to argue the distinction between the commission of a battery and the violation of constitutional rights by using excessive force, but the Court will not exclude either report in their entirety on this basis.

Further, to the extent that the legal conclusion that Benard committed a felony battery is contained in this report, that conclusion would be presented to the jury anyway, probably by Benard himself. Because the Court will allow Hernandez to introduce Benard's guilty plea documents, Benard himself will argue to the jury that he pled guilty to the misdemeanor in order to avoid prosecution for the felony offense. Thus, Benard's argument that the Criminal Investigation Report should be excluded because it contains the legal conclusion that he committed a battery is undercut

by the fact that he himself will be presenting this evidence to the jury in any case.

## II.    RULE 401.

Even if the reports are admissible under rule 803(8)(C), they must also meet the threshold requirement of relevance. Under rule 401, relevant evidence is that evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. A fact is "of consequence" under rule 401 when its existence would provide the fact finder with a basis for making some inference or chain of inferences, about an issue that is necessary to a verdict. See 22 C. Wright & K. Graha, Jr., Federal Practice & Procedure § 5164 at 42-43. The rule establishes that even a minimal degree of probability -- "any tendency" -- that the asserted fact exists is sufficient to find the proffered evidence relevant. See Fed. R. Evid. 401; United States v. McVeigh, 153 F.3d 116, 1190 (10th Cir. 1998).

Benard asserts that the reports are not relevant because the investigations did not look to whether Benard had committed any alleged constitutional violation. Benard argues that Hernandez is offering the reports as per se evidence that Benard violated Hernandez' constitutional rights, which would improperly remove the issue from the hands of the jury. Benard also contends that, to the extent Hernandez seeks to introduce the reports because he believes Benard is going to lie, it is not relevant.

Hernandez states that the evidence he seeks will show inconsistencies in the way Benard has characterized his actions on the day in question. As such, Hernandez argues that the evidence is relevant to Benard's credibility. Hernandez also points out that the key inquiry in this case is whether Benard's force was excessive so as to reach the level of a Constitutional violation and this evidence

will support his argument that the force constituted excessive force in violation of the Constitution.

While the Court agrees with Benard that the investigations and reports do not, as a matter of law, establish that Benard used excessive force in violation of Hernandez' Constitutional rights, the evidence does have some relevance in establishing the reasonableness of Benard's actions. The Court, therefore, finds that this evidence is relevant under the standards provided by rule 401 of the Federal Rules of Evidence.

### III.   RULE 403.

Even though the evidence may meet the relevancy standards of rule 401, a trial court may exclude it on the grounds that its probative value -- the evidence's probability of establishing a fact of consequence -- is "substantially outweighed" by certain negative factors. See Fed. R. Evid. 403. Those factors include: (i) unfair prejudice; (ii) a confusion of the issues;(iii) misleading the jury; (iv) undue delay; (v) waste of time; and (vi) needless presentation of cumulative evidence. See id.

The danger of "unfair prejudice" under rule 403 is not simply the tendency of evidence to undermine a party's position. Rather, the prejudice that is "unfair" is prejudice arising from the tendency of proffered evidence to suggest to the jury that it should render its findings "on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy and should be used sparingly." Koch v. Koch Indus., Inc., 203 F.3d 1202, 1229 (10th Cir. 2000).

Benard argues that the introduction of these reports is an attempt to remove the decision of whether Benard's conduct was reasonable from the trier of fact, and have the jury adopt the reasoning and conclusions found in the reports as proof of the alleged constitutional violation. The Court notes that Benard is free to cross-examine and argue to the jury on this point -- to make clear any

distinction between the findings in the reports and the jury's duty in this case.

Benard argues that, to the extent Hernandez will introduce the reports as impeachment evidence, they are still subject to the balancing test in rule 403 between unfair prejudice and probative value. Because, Benard asserts, the reports would cause the jury to improperly decide the case, the prejudice outweighs any probative value and they should be excluded. Hernandez argues that the reports are relevant to Benard's credibility and, while prejudicial to Benard's case, they are not <u>improperly</u> prejudicial.

As noted above, the reports are relevant and probative under the standards of rule 401. The Court does not see that they are so prejudicial that any such prejudice outweighs the reports' probative value under rule 403. The Court, therefore, finds that the reports should be included.

**IT IS ORDERED** that the Plaintiff's Sealed Motion in Limine, To Wit: Inclusion of Internal Affairs Investigation, Findings, and Recommendation; Audio and/or Written Transcripts of Tom Benard's Pre-Disciplinary Hearing; and Final Disciplinary Decision is granted in part and the Defendant Tom Benard's Motion in Limine Concerning the Proposed Testimony of Detective Carla Gandara and the Criminal Investigation Report is denied in part. The Court will allow the introduction of redacted copies of the Criminal Investigation Report and the Internal Affairs Investigation Findings and Recommendations. Benard remains free to make further, specific objections to unredacted portions of either report that he believes are particularly untrustworthy.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Anthony James Ayala
Albuquerque, New Mexico

>   *Attorney for the Plaintiff*

Norman F. Weiss
Alisa R. Wigley
Simone, Roberts & Weiss, P.A.
Albuquerque, New Mexico

>   *Attorneys for the Defendant Tom Benard*

Stephanie M. Griffin
Assistant City Attorney
Albuquerque, New Mexico

>   *Attorney for the Defendant City of Albuquerque*