**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ROBERT HERNANDEZ,

     Plaintiff,

vs.                                             No. CIV 02-0333 JB/RHS

CITY OF ALBUQUERQUE, and
TOM BENARD,

     Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Impose Sanctions Against Defendant Benard, filed February 3, 2003 (Doc. 75). The primary issue is whether Benard's Response to Plaintiff's Amended Motion for Summary Judgment, filed August 26, 2002 (Doc. 27)("Response"), is well grounded in fact and warranted by existing law. Because the Court finds that Benard has a different view of what occurred than the Plaintiff, Robert Hernandez, and the Response sets forth that view, the Court will deny the motion.

**FACTUAL BACKGROUND**

This action arises out of a high-speed motor vehicle chase on April 23, 2000, between Hernandez and members of the Albuquerque Police Department, including Benard. The chase was a result of the Defendants' wrongly identifying Hernandez as a murder suspect. The motor vehicle chase ended when Hernandez' vehicle wrecked at the intersection of Edith and Cesar Chavez in Albuquerque, New Mexico.

Once Hernandez crashed his vehicle, Officer Mark Elrick "approached the vehicle and began to give verbal demands to the driver to exit the vehicle." Offense Report at 5. As Hernandez was

exiting the vehicle, Elrick put his weapon to Hernandez' head and forced him to the ground using a right arm bar hold.  See id.  When Elrick took Hernandez to the ground face down, he did not injure Hernandez.  See id.

Elrick was positioned on top of Hernandez' back with his right knee on his back and his left knee on Hernandez' left shoulder.  See id.  Elrick's right hand was on Hernandez' neck holding his head down, while his weapon was still pointed at Hernandez' head.  See id.  Elrick has not contended that his actions in restraining Hernandez were because Hernandez was resisting arrest.  Elrick stated that his tactic in subduing Hernandez were "because everyone's attention was drawn to Officer Callaghan."  Id.  While Elrick was restraining Hernandez, Officer Brian Schnicke came over to handcuff Hernandez.  See id.  Elrick states that Benard did not approach until he began searching Hernandez, after Hernandez was handcuffed.  See id.

Schnicke stated that "he did not recall seeing Benard near Hernandez, while he was handcuffing Hernandez."  See id. at 11.  Further, Detective Steve Hall, who was present when Elrick cleared the vehicle, observed Hernandez on the ground, near the rear of the vehicle, face down and covered by Elrick.  See id. at 7.  After assuring himself that Elrick had Hernandez restrained, he called his supervisor, at which time he states that he heard someone in the crowd say: "They're beating him."  Id. at 7-8.

Hall does not recall Hernandez being overly aggressive with the officers at the scene.  See id. at 8.  Civilian witness Joanna Romero stated that "the subject was already handcuffed when he was hit with the police baton."  Id. at 10.  Andres Carreon also observed Hernandez being hit while handcuffed on the ground.  See id. at 12.  No civilian witness states that he or she observed Hernandez resist arrest.

Hernandez contends that, after he was placed in handcuffs, Benard struck him twice on the legs and once on the head with a steel baton or asp.  Benard concedes that he struck Hernandez twice on the legs, but argues that it was before Hernandez was handcuffed and while Hernandez was struggling in an effort to resist arrest.  Benard contends that he did not strike Hernandez in the head.

Following this incident, the Internal Affairs Division of the Albuquerque Police Department investigated whether Benard committed an aggravated battery against Hernandez -- a felony -- and a grand jury indicted Benard on the felony charge.  Benard pled guilty to misdemeanor battery based on the second strike to Hernandez' legs.  Hernandez charges that, based on Benard's guilty plea, Benard's Response is baseless because he cannot now assert that he acted reasonably during the incident in question.  Hernandez further states that, based on the statements of the other officers present, Benard cannot reasonably assert that Hernandez resisted arrest.

## RULE 11 LAW

> Due to sloth, inattention or desire to seize tactical advantage, lawyers have long indulged in dilatory practices.  A number of factors legitimately may lengthen a lawsuit and the parties themselves may cause some of the delays.  Nevertheless, many actions are extended unnecessarily by lawyers who exploit or abuse judicial procedures, especially the liberal rules of pretrial discovery.  The glacial pace of much litigation breeds frustration with the federal courts and, ultimately, disrespect for the law.

Roadway Express, Inc. v. Piper, 447 U.S. 752, 757 n. 4 (1980)(internal citations omitted).  In response to this abuse, and to prevent these sort of practices, Congress has adopted rule 11 of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 11.  Currently, rule 11 requires that an attorney or the party sign every paper filed with the District Court.  By his signature, the signer certifies that

> to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not

> interposed for any improper purpose, such as to harass or cause unnecessary delay or
> needless increase in the cost of litigation.

Willy v. Coastal Corp., 503 U.S. 131, 135 n.1 (1992)(citing Fed. R. Civ. P. 11).  When the court

determines a pleading to be in contravention of the rule, the Court may enter against both the signer

and the party he represents "an appropriate sanction, which may include an order to pay to the other

party or parties the amount of the reasonable expenses incurred because of the filing of the pleading,

motion, or other paper, including a reasonable attorney's fee."  Id.

        The central purpose of rule 11 is to deter baseless filings in the district court and thus,

consistent with the Rules Enabling Act's grant of authority, streamline the administration of

procedures in the federal courts.  See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990).

"Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and

have determined that any papers filed with the court are well grounded in fact, legally tenable, and

'not interposed for any improper purpose.'"  Id.  The Court "shall" penalize an attorney who signs a

paper without such a substantiated belief by "an appropriate sanction."  Id.

        Such a sanction may include payment of the other parties' expenses.  See id.  Although the

Court must read the rule in light of concerns that it will "spawn satellite litigation and chill vigorous

advocacy," the Court's interpretation must give effect to the rule's central goal of deterrence.  Id.

Before the 1993 Amendment, violation was complete when the paper was filed.  See Szabo Food

Service, Inc. v. Canteen Corp., 823 F.2d 1073, 1077 (7th Cir. 1987). Congress amended rule 11 in

1993 to provide a "safe harbor" period, which requires the party seeking rule 11 sanctions to wait 21

days from service before filing the motion with the court, allowing the filing party opportunity to

withdraw or correct the challenged paper.  See Fed. R.Civ.P. 11(c)(1)(A).  The amendment does not,

however, affect the court's discretion to impose sanctions for uncorrected violations.

This Court's authority to impose rule 11 sanctions rests in the "inherent powers" of the federal courts – those powers "'necessary to the exercise of all others.'" Roadway Express, Inc. v. Piper, 477 U.S. at 764.  Thus, to impose sanctions, the Court must determine "whether the attorney has abused the judicial process and, if so, what sanction would be appropriate."  Cooter & Gell v. Hartmarx Corp.,496 U.S. at 396.  In doing so, the Court must consider factual questions regarding the nature of the attorney's prefiling inquiry and the factual basis of the pleading or other paper.

When the Court considers whether a pleading is "warranted" by existing law or a good faith argument for changing the law, the Court is presented with legal issues.  See id. at 399.  The district court has broad discretion in conducting this review.  See Adamson v. Bowen, 855 F.2d 668, 672 (10th Cir. 1988)(holding that in the Tenth Circuit the standard of review for lower court decisions regarding rule 11 violations and sanctions is abuse of discretion).

## FOURTH AMENDMENT LAW

The parties agree that, under the fourth amendment of the United States Constitution, to determine whether the force used during a particular seizure is reasonable, "the question is whether the officers' actions are 'objectively reasonable' in light of all facts and circumstances confronting them, without regard to their underlying intent or motivation."  Graham v. Connor, 490 U.S. 386, 397 (1989).  The Supreme Court in Graham v. Connor stated that the "test of reasonableness is not capable of precise definition or mechanical application," however,

> its proper application requires careful attention to the facts and circumstances of each particular case, including [1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight.

Id. at 396.  See, e.g., Frazell v. Flanigan, 102 F.3d 877, 884 (7th Cir. 1996)(holding that jury could reasonably infer that it was objectively unreasonable for officer to strike a handcuffed suspect who could not escape and posed no danger to the officers); Rambo v. Daley, 68 F.3d 203, 207 (7th Cir. 1995)(stating that the Constitution does not allow officers to force a handcuffed, passive suspect into a squad car by breaking his ribs), cert. denied, 517 U.S. 1157 (1996); McDonald v. Haskins, 966 F.2d 292, 294-95 (7th Cir. 1992)(finding that it was objectively unreasonable for officer to hold his gun to the head of a nine-year old child and threaten to pull the trigger when the child was not a suspect and posed no threat to any officer at the scene).  When there is no need for force, the use of force is constitutionally unreasonable.  See Headwaters Forest Defense v. County of Humboldt, 240 F.3d 1185, 1199 (9th Cir. 2000); P.B. v. Koch, 96 F.3d 1298, 1303-1304 (9th Cir. 1996).

## LEGAL ANALYSIS

Hernandez contends that Benard's response to his Amended Motion for Summary Judgment is not well grounded in fact.  Hernandez contends that Benard misrepresented his actions when applying the fourth amendment reasonableness test to them.  See Response.  Hernandez contends that the statements obtained during the criminal investigation into Benard's actions reveal that the facts contradict Benard's allegations in his response and affidavit.  Hernandez contends that the facts are so one-sided that he should prevail as a matter of law.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

The cornerstone of Benard's argument against summary judgment is that his action in striking Hernandez was objectively reasonable given his version of the facts.  Benard contends that Hernandez continued to resist arrest and to ignore officer commands after he exited from the vehicle.  See Response ¶ 8, at 3.  Benard also alleges that he struck Hernandez in the leg with his baton to force

-6-

him to stop resisting arrest and to allow him to be handcuffed.  See id. ¶ 9, at 3.  Finally, Benard contends that the force he used was commensurate with the force necessary to protect the officers at the scene, to protect Hernandez, and to diffuse the volatile situation.  See id. ¶ 10, at 3.

Hernandez contends that a review of the pertinent facts clearly shows that Benard's Response is neither well grounded in fact nor warranted by existing law.  Hernandez contends that Benard could have filed his response to the motion for summary judgment as a way to harass Hernandez, to cause unnecessary delay, or to increase Hernandez' cost of this litigation.  As a result, Hernandez contends that Benard's filing is clearly baseless and that sanctions are warranted.

Hernandez contends that the law and the facts in this case are or have been clearly established.  Hernandez argues that, when the Court applies the rule 11 and fourth amendment standards to this case, the facts do not support Benard's reasonableness argument, and the filing of the Response was done without taking the necessary care in its preparation.

As noted above, the question in this case is whether Benard's actions during the incident in question were objectively reasonable under all the facts and circumstances.  Benard's Response sets forth the facts as Benard sees them.  Whether the facts are, as Hernandez asserts, so one-sided that the issue should be determined as a matter of law is appropriately addressed in a motion for summary judgment or at trial.  And because the Court has found that there is a factual issue whether Benard struck Hernandez in the head, the Court cannot say that Benard violated rule 11 by advancing that position.

Hernandez has not presented the Court with any evidence that Benard's Response and affidavit set forth allegations or information that he knows is false.  That Benard's version of the incident on April 23, 2000 is different from Hernandez' version does not establish that Benard is

falsely representing the facts to the Court.  The Court finds that this is not the circumstance that Congress contemplated in providing for the imposition of sanctions under rule 11.  The Court will, therefore, deny the motion.

**IT IS ORDERED** that the Plaintiff's Motion to Impose Sanctions Against Defendant Benard is denied.

_____
UNITED STATES DISTRICT JUDGE

Anthony James Ayala
Albuquerque, New Mexico

     *Attorney for the Plaintiff*

Norman F. Weiss
Alisa R. Wigley
Simone, Roberts & Weiss, P.A.
Albuquerque, New Mexico

     *Attorneys for the Defendant Tom Benard*

Stephanie Griffin
Assistant City Attorney
Albuquerque, New Mexico

     *Attorney for the Defendant City of Albuquerque*