IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT HERNANDEZ,

    Plaintiff,

vs.                                                                              No. CIV 02-0333   JB/RHS

CITY OF ALBUQUERQUE, and
TOM BENARD,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion in Limine to Exclude Plaintiff's Prior Criminal History Identified in NCIC Report, Prison/Corrections Records, Transcript of Proceedings of Various Criminal Cases, filed January 12, 2004 (Doc. 275). The Court held a hearing on this motion on January 21, 2004. The issue is whether the Court should allow the Defendant, Tom Benard ("Benard"), to introduce evidence at trial of Robert Hernandez' ("Hernandez") criminal history in an effort to impeach Hernandez. In his motion, Hernandez specifically refers to 21 events of which he seeks to exclude evidence pursuant to Federal Rules of Evidence 403, 404, 608, and 609. Benard admits that this evidence is relevant only to challenge Hernandez' credibility. Because the Court has previously ruled on the admissibility of such evidence under rules 403 and 404, it will not address those issues in this opinion. See Memorandum Opinion and Order, filed January 16, 2004 (Doc. 285). Because the Court finds that the evidence is not proper under rules 608 and 609, it will also exclude the evidence under those rules.

## BACKGROUND

This cause of action arises out of a motor vehicle stop in which Benard allegedly used

excessive force against Hernandez, in violation of article II, § 10 of the New Mexico Constitution and of the Fourth Amendment of the United States Constitution to effectuate an arrest. The Albuquerque Police Department originally misidentified Hernandez, which resulted in a short motor vehicle chase. After a felony motor vehicle stop, the officers took Hernandez down to the ground. Hernandez contends that, while he was handcuffed on the ground, Benard physically assaulted him. Hernandez is currently incarcerated. Hernandez had also been incarcerated before the incident that forms the basis of this lawsuit.

The prior criminal history that Hernandez wishes to exclude includes: (i) June 7, 1981, arrest for possession of a controlled substance for sale; (ii) September 7, 1981, arrest for giving false information to a peace officer; (iii) September 20, 1981 arrest for burglary; (iv) March 20, 1982, arrest for petty theft; (v) March 21, 1982, arrest for petty theft; (vi) March 22, 1982, arrest and conviction for petty theft; (vii) March 25, 1982, arrest and conviction for disobeying a court order, and arrests for receiving stolen property and entry into a noncommercial dwelling; (viii) April 1, 1983, arrest for use/under the influence of a controlled substance; (ix) April 14, 1983, arrest for grand theft auto; (x) June 15, 1983, arrest for possession of a controlled substance for sale and use/under the influence of a controlled substance; (xi) September 13, 1983, arrest for petty theft; (xii) November 9, 1983, arrest for vehicle theft and grand theft auto; (xiii) November 27, 1983, arrest for being under the influence of a controlled substance; (xiv) July 17, 1986, arrest and conviction for use/under the influence of a controlled substance; (xv) October 19, 1990, and April 5, 1991, arrest and conviction for probation violation/leaving the scene of an accident; (xvi) January 26, 1993, arrest for possession of a stolen vehicle; (xvii) March 21, 1995, arrest for possession of a controlled substance; (xviii) April 19, 2000, arrests and subsequent convictions in Las Cruces, New Mexico, while allegedly using the

alias Michael Lake; (xix) all charges, not just convictions, arising out of the event in question; (xx) May 24, 2001, arrest, and January 22, 2002, convictions for four counts of aggravated assault on a police officer (deadly force) and arrest for transferring a stolen vehicle; and (xxi) the theft of that same vehicle from "Ugly Duckling." Memorandum in Support of Motion in Limine at 2-3, filed January 12, 2004 (Doc. 276).

It is important to emphasize that Hernandez' counsel has represented that he will not call Hernandez as a witness in his case. Hernandez intends to rely totally on the testimony of other witnesses. Thus, the need to impeach Hernandez is diminished; his credibility or veracity is not greatly at issue, if at all. Given that Hernandez has gone to extraordinary lengths to remove his credibility as an issue, the Court should be mindful of this fact when it rules on evidence that Benard is offering only to destroy Hernandez' credibility.

## **LEGAL ANALYSIS**

With respect to rule 608, the Court notes that Benard has not expressly relied on this rule as a basis for the evidence he seeks to introduce. Rule 608 allows a party to introduce evidence of "[s]pecific instances of the conduct of a witness, for the purpose of attacking . . . the witness' credibility[.]" Fed. R. Evid. 608. The rule requires that such evidence be "probative of truthfulness or untruthfulness[.]" Id. Only two specific instances of conduct are potentially probative of Hernandez' truthfulness or untruthfulness: (i) a September 1981 arrest for giving false information to a peace officer; and (ii) April 2000 arrests and subsequent convictions in Las Cruces, New Mexico, while allegedly using the alias Michael Lake.[1]

---

[1] During oral argument regarding an earlier motion concerning Hernandez' prior bad acts, Benard discussed his intention to impeach Hernandez concerning a conviction under the alias Michael Lake. See Transcript of Motion Proceedings at 36:4 to 37:11 (October 27, 2003)(Citations to the transcript refer to the

With respect to the arrest for giving false information to a peace officer, the Court finds that any probative value is substantially outweighed by the danger of unfair prejudice to Hernandez. While the substantive reason for the arrest may appear probative of Hernandez' untruthfulness, "[a]rrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness. It happens to the innocent as well as the guilty." Michelson v. United States, 335 U.S. 469, 482 (1948). "Arrest without more may nevertheless impair or cloud one's reputation." Id. Accordingly, the Court will exclude Hernandez' criminal history under rule 608.

In its prior Order, the Court reserved judgment on the admissibility of Hernandez' criminal history under rule 609. See Memorandum Opinion and Order, filed January 16, 2004 (Doc. 285). Pursuant to rule 609, an opposing party is entitled to impeach the testimony of a witness in two ways: (i) "evidence that a witness . . . has been convicted of a crime . . . punishable by death or imprisonment in excess of one year," or (ii) "evidence that any witness has been convicted of a crime . . . involv[ing] dishonesty or false statement." Fed. R. Evid. 609(a). Admission of such evidence is subject to the rule 403 balancing test, unless it is a crime of "dishonesty or false statement," and no such evidence is admissible if more than ten years have elapsed. Fed. R. Evid. 609(a) & (b).

Only seven of the 21 instances referenced in Hernandez' motion involve convictions. See Memorandum in Support of Motion in Limine at 2-3. Four of those seven convictions occurred more than ten years ago. See id. "Evidence of a conviction under this rule is not admissible if a

---

Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.). Benard's counsel represented to the Court that, at Hernandez deposition, Hernandez denied under oath that he had used the alias, even though he later plead guilty to charges under that alias. See id. The Court made an oral ruling allowing Benard to use that conviction to impeach Hernandez. See id. at 39:2-11. On January 16, 2004, the Court entered an Order to the same effect. See Order, filed January 16, 2004 (Doc. 281).

period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date[.]" Fed. R. Evid. 609(b). Benard has not presented evidence of any later dates of release from confinement. Accordingly, the Court will exclude evidence of convictions more than ten years old.

With respect to the three convictions that occurred within the last ten years, it is unclear whether the crimes involved were felonies or misdemeanors: (i) April 19, 2000, arrests and subsequent convictions in Las Cruces, New Mexico, while allegedly using the alias Michael Lake; (ii) convictions arising out of the event in question; and (iii) May 24, 2001, arrest, and January 22, 2002, convictions for four counts of aggravated assault on a police officer (deadly force).[2] None of those convictions, however, involved dishonesty or false statements. Thus, the rule 403 balancing test applies to each conviction at issue. See Fed. R. Evid. 609(a)(1).

With respect to the convictions arising out of the events on the day in question, the Court has previously ruled that Benard may introduce evidence that Hernandez had an outstanding warrant for escape from a work release program, that the vehicle he was driving at the time of his arrest was stolen and had fraudulent tags, and that a loaded handgun was located in the vehicle. See Order at 2, filed January 16, 2004 (Doc. 281). The impeachment value of a conviction stems from the fact that a conviction symbolizes the performance of the bad act. Because the acts themselves will be in evidence, the Court believes that the probative value of the convictions themselves is minimal. That minimal probative value is substantially outweighed by the danger of unfair prejudice to Hernandez based on the introduction of multiple convictions. Accordingly, the Court will exclude evidence of

---

[2] Again, the Court has previously ruled on the issue of the convictions under the alias Michael Lake and will not address those convictions in this opinion.

any convictions arising out of Hernandez' actions on the day of the events giving rise to this lawsuit.

Finally, with respect to Hernandez' convictions for aggravated assault on a police officer, the Court finds that the danger of unfair prejudice to Hernandez substantially outweighs the probative value of such evidence. The jury will be aware that Hernandez has had at least one conviction in the past.[3] It is unnecessary to present evidence to the jury of multiple convictions. Moreover, the danger of unfair prejudice is great. A conviction for aggravated assault on a police officer is closely related to the facts before the jury in this case. Because the defendant in this case is a police officer, such evidence may taint the jury's perception of Hernandez' case, even if he does not testify. Accordingly, the Court will exclude evidence of Hernandez' conviction for aggravated assault on a police officer.[4]

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion in Limine to Exclude Plaintiff's Prior Criminal History Identified in NCIC Report, Prison/Corrections Records, Transcript of Proceedings of Various Criminal Cases, filed January 12, 2004 (Doc. 275) is granted in part and denied in part. The Defendant may not attempt to introduce evidence, through the Plaintiff or any other witness, regarding the following: (i) any past arrest; or (ii) any past conviction (unless otherwise specifically allowed by the Court). Defendant Tom Benard will be allowed to question the Plaintiff regarding convictions under the alias Michael Lake. The Court instructs the Defendant and his counsel not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner,

---

[3] The Court has previously ruled that Benard can question Hernandez whether he had ever been incarcerated before the events that gave rise to this lawsuit. See Memorandum Opinion and Order at 10, filed January 16, 2004 (Doc. 285).

[4] This ruling is consistent with the Court's previous ruling excluding evidence that Hernandez is currently incarcerated. See Memorandum Opinion and Order at 10, filed January 16, 2004 (Doc. 285). Hernandez is currently serving a sentence for aggravated assault on a police officer. Because the conviction and the current incarceration are intertwined, the Court will exclude both.

either directly or indirectly, any excluded evidence.

                                        _____
                                        UNITED STATES DISTRICT JUDGE

Counsel:

Anthony James Ayala
Albuquerque, New Mexico

    *Attorney for the Plaintiff*

Norman F. Weiss
Alisa R. Wigley
Simone, Roberts & Weiss, P.A.
Albuquerque, New Mexico

    *Attorneys for the Defendant Tom Benard*

Stephanie M. Griffin
Assistant City Attorney
Albuquerque, New Mexico

    *Attorney for the Defendant City of Albuquerque*